IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED

2014 OCT 23   AM 8: 59

CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY_____
                    DEPUTY

PERRY STRICKLER,

                **Plaintiff,**

-vs-                                                                      **Case No.  A-14-CA-858-SS**

CHASE MANHATTAN MORTGAGE
COMPANY, J.P. MORGAN CHASE BANK, N.A.,
HOMETRUST MORTGAGE COMPANY F/K/A
HOME TRUST COMPANY, WENDY
ALEXANDER and BARRETT DAFFIN
FRAPPIER TURNER & ENGEL, LLP,
                **Defendants.**

---

# O R D E R

      BE IT REMEMBERED on this day the Court reviewed the file in the above-styled cause, and specifically Defendant JP Morgan Chase Bank, N.A. (JPMC)'s Motion to Dismiss Complaint for Failure to State a Claim [#4] and Plaintiff Perry Strickler's Response [#10] thereto, and Defendant Barrett Daffin Frappier Turner & Engel, LLP (Barrett Daffin)'s Motion to Dismiss [#6] and Plaintiff's Response [#11] thereto.  Having reviewed the documents, the governing law, and the file as a whole, the Court enters the following opinion and order GRANTING the motions.

## Background

      This is the second of two mortgage foreclosure cases filed by Plaintiff Perry Strickler concerning the real property located at 3605 Cookstown Drive, Austin, Texas 78759, which Defendant JPMC sold at auction on June 4, 2013 following Strickler's default on his mortgage.

Strickler remains on the property in spite of the sale. JPMC has filed a detainer action in state court against Strickler, which is presently pending.

On April 9, 2001, Strickler financed his purchase of the real property through Defendant Hometrust Mortgage Company (Hometrust), then known as Home Trust Company, executing a Note and a Deed of Trust in favor of Hometrust as security for his loan. Hometrust assigned the Deed of Trust to Chase Manhattan Mortgage Corporation. *See* Appx. Def.'s Mot. Dismiss [#4-1], Ex. B. (Assignment of Deed of Trust). Chase Manhattan Mortgage Corporation thereafter merged with Chase Home Finance LLC, *see id.* at Ex. D (Certificate of Merger), and Chase Home Finance LLC subsequently merged with JPMC, *see id.* at Ex. E (Certificate of Merger). JPMC is thus successor-by-merger to Chase Manhattan Mortgage Corporation, and is the mortgagee and mortgage servicer of Strickland's Deed of Trust. *See id.* at Ex. C (Substitute Trustee's Deed) (stating JPMC is "current mortgagee" and "current servicer").

In August 2013, Strickler filed his first action concerning the property in state court, and JPMC thereafter removed to this Court. Strickler then filed his First Amended Complaint, which named Hometrust, JPMC, Barrett Daffin, and Alexander, the substitute trustee, as defendants, as well as several others not named in this suit. *See* Pl.'s First Am. Compl. [#6], *Strickler v. Home Trust Mortg. Co. et al.*, No. 1:13-CV-781-SS (W.D. Tex. Sep. 27, 2013). The First Amended Complaint raised claims for (1) breach of contract; (2) tortious interference with existing contract; (3) void foreclosure for lack of authority to transfer the Note; (4) promissory estoppel; (5) violations of the Texas Finance Code; (6) violations of the Texas Debt Collection Act (TDCA); (7) suit to quiet title; (8) declaratory judgment; (9) violations of the Texas Civil Practice and Remedies Code § 12.002; and (10) accounting.

JPMC moved to dismiss; in response, Strickler informed the Court that JPMC's exhibits to its motion—which are the same Deed of Trust, Assignment of Deed of Trust, Substitute Trustee's Deed, and Certificates of Merger appended to JPMC's present motion—"provide an evidentiary basis that preclude[d]" all of Strickland's claims save promissory estoppel.  Accordingly, by Order dated December 30, 2013, this Court dismissed outright all claims against Hometrust, Barrett Daffin, Alexander, and several other defendants not named in the present suit, and after conducting an analysis of the promissory estoppel claim against JPMC, dismissed that claim as well.  The Court advised Strickler he had twenty (20) days in which to file an amended complaint; Strickler failed to do so, and thus, the Court dismissed the action for want of prosecution.

Strickler thereafter filed the instant action in state court, again naming JPMC, Hometrust, Barrett Daffin, and Alexander as defendants.  On September 9, 2014, JPMC again removed to this Court, and on September 14, 2014, filed its motion to dismiss; on September 19, 2014, Barrett Daffin followed suit.  Alexander filed a verified denial on September 19, 2014.  Strickler thereafter filed his fourth pleading against these defendants (styled as a "First Amended Original Petition"), asserting claims for (1) action to quiet title; (2) violation of Texas Civil Practice and Remedies Code § 12.002; (3) declaratory judgment the foreclosure is void due to forgery; and (4) breach of contract. In its October 1, 2014 Order, this Court indicated Defendants could stand on the unresolved motions to dismiss rather than filing new ones if they so desired, *see* Order [#12], and Defendants gave notice they would do so.  *See* Defs.' Notices [#13, 14].

**Analysis**

## I.     Rule 12(b)(6)—Legal Standard

Federal Rule of Civil Procedure 8(a)(2) requires a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2).  A motion under Federal Rule of Civil Procedure 12(b)(6) asks a court to dismiss a complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6).  In deciding a motion to dismiss under 12(b)(6), a court generally accepts as true all factual allegations contained within the complaint. *Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164 (1993).  However, a court is not bound to accept legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986).  Although all reasonable inferences will be resolved in favor of the plaintiff, the plaintiff must plead "specific facts, not mere conclusory allegations." *Tuchman v. DSC Commc'ns Corp.*, 14 F.3d 1061, 1067 (5th Cir. 1994).  The plaintiff must plead sufficient facts to state a claim for relief that is facially plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.  Although a plaintiff's factual allegations need not establish the defendant is probably liable, they must establish more than a "sheer possibility" that a defendant has acted unlawfully. *Id.*  Determining plausibility is a "context-specific task," that must be performed in light of a court's "judicial experience and common sense." *Id.* at 679.  In deciding a motion to dismiss, courts may  consider the complaint, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss,

such as documents incorporated into the complaint by reference, and matters of which a court may take judicial notice. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

## II.     Application

### A.     Jurisdiction

Before turning to the substance, the Court must address its jurisdiction to hear this action. JPMC invokes both federal question and diversity jurisdiction.

### 1.     Federal Question

In its Notice of Removal, JPMC states this Court has federal question jurisdiction because Strickler alleges JPMC breached the Deed of Trust "by failing to comply with a Housing and Urban Development (HUD) regulation, 24 C.F.R. § 203.604(b), which requires a face-to-face meeting with a borrower before three monthly installments due are unpaid." Notice of Removal [#1], at ¶ 7. This allegation does not confer federal question jurisdiction.

Federal question jurisdiction exists when a federal question is presented on the face of the plaintiff's well-pleaded complaint. *Aetna Health Inc. v. Davila*, 542 U.S. 200, 207 (2004). A complaint presents a federal question on its face when it "establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Singh v. Duan Morris LLP*, 538 F.3d 334, 338 (5th Cir. 2008). "[T]he mere presence of a federal issue in a state cause of action," in contrast, "does not automatically confer federal-question jurisdiction." *Id.* (citing *Merrell Dow Pharms. v. Thompson*, 478 U.S. 804, 813 (1986)). A federal issue embedded in a state cause of action establishes federal jurisdiction only where "(1) resolving the federal issue is necessary to resolution of the state-law

claim; (2) the federal issue is actually disputed; (3) the federal issue is substantial; and (4) federal jurisdiction will not disturb the balance of federal and state judicial responsibilities." *Id.*

Here, assuming without deciding the first, second, and fourth *Singh* factors are met, Strickler's allegation cannot confer federal question jurisdiction because he fails the third: the federal issue presented is insubstantial. Where the dispute concerning a party's alleged violation of HUD regulations requires a fact-specific inquiry (such as whether the defendant actually violated the regulations) rather than an interpretation of the regulation itself, federal courts have held the federal issue to be insubstantial. *See, e.g., Lindsey v. JPMorgan Chase Bank Nat'l Ass'n*, No. 3:12-CV-4535-M-(BH), 2013 WL 2896897, at *5 n.3, *7 (N.D. Tex. June 13, 2013) (slip op.) (finding federal issue insubstantial where dispute required only a factual determination of whether defendants violated § 203.604 regulations cited in breach of contract claim); *see also Leggette v. Wash. Mut. Bank, FA*, No. 3:03-CV-2909-D, 2005 WL 2679699, at *3 (N.D. Tex. Oct. 19, 2005) (finding federal issue substantial where dispute rested upon whether § 203.604(b) required face-to-face interviews under certain circumstances and "not upon questions of fact, such as whether [defendant] conducted the interview"). Strickler alleges he was not contacted to arrange the face-to-face meeting as required by § 203.604(b). *See* Pl.'s First Am. Original Pet. [#9], at ¶ 47. Whether or not JPMC contacted Strickler to arrange the meeting is a question of fact. Strickler's breach-of-contract claim concerning JPMC's alleged violation of the HUD regulations is therefore insubstantial, and cannot provide a basis for this Court to assert federal question jurisdiction.

## 2.     Diversity

Defendants Hometrust, Barrett Daffin, and Alexander are all, like Strickler, citizens of Texas. *See id.* at ¶¶ 1–6. Accordingly, if they were properly joined to this action, there is no diversity of

citizenship.  In its Notice of Removal, JPMC argues all three were improperly joined, as Strickler

had no reasonable probability of recovery against any under Texas law.  The Court agrees.

To prove improper joinder, a removing party must show the plaintiff is unable to establish

a cause of action against the non-diverse defendant under state law.[1]  *Cantor v. Wachovia Mortg.,*

*FSB*, 641 F. Supp. 2d 602, 606 (N.D. Tex. 2009).   In conducting an improper joinder analysis,

> the court determines whether that party has any possibility of recovery against the
> party whose joinder is questioned.  If there is arguably a reasonable basis for
> predicting that the state law might impose liability on the facts involved, then there
> is no fraudulent joinder.  This possibility, however, must be reasonable, not merely
> theoretical.

*Id.* at 611 (quoting *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312

(5th Cir. 2002)).  Courts assess whether a plaintiff has a reasonable basis for recovery by conducting

"a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine

whether the complaint states a claim under state law against the in-state defendant."  *Smallwood v.*

*Illinois Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc).  However, "the focus of the

inquiry must be on the joinder, not the merits of the plaintiff's case," and the "party seeking removal

bears a heavy burden of proving that the joinder of the in-state party was improper."  *Id.* at 573, 574.

The Court concludes Hometrust, against whom Strickler brings quiet title and breach of

contract claims, was improperly joined.  Strickler's quiet title claim indicates his alleged title to the

real property "is affected by claims of . . . Hometrust through the void foreclosure sale and

assignment to [Chase Manhattan Mortgage Company]."  It is not clear to this Court what Strickler

means to assert by so stating.  Strickler acknowledges the validity of Hometrust's assignment of the

---

[1] The removing party may also show actual fraud in pleading the jurisdictional facts, *Cantor*, 641 F. Supp. 2d
at 606, a theory JPMC does not raise.

Deed of Trust to Chase Manhattan Mortgage Company, *see* Pl.'s First Am. Original Pet. [#9], at ¶ 12; his challenge is to JPMC's merger with Chase Manhattan Mortgage Company, and it is on that basis he claims JPMC had no authority to conduct the foreclosure sale. Hometrust has made no claims against the property at issue. Similarly, Strickler's breach of contract allegations against Hometrust, which are based upon an alleged violation of HUD regulations in connection with the foreclosure sale, make no sense in light of his acknowledgment Hometrust properly assigned the Deed of Trust to Chase Manhattan Mortgage Company. As neither of these allegations give rise to a reasonable basis for recovery against Hometrust, the Court concludes Hometrust was improperly joined.

So, too, were Barrett Daffin and Alexander. Barrett Daffin was apparently acting as JPMC's foreclosure counsel, and this Court has repeatedly held it is immune from suit on facts like these. *See, e.g., Tapia v. CitiMortgage, Inc.*, No. A–12–CA–1015–SS, slip op. at 8 (W.D. Tex. Jan. 2, 2013) (order granting motion to dismiss). Strickler makes no argument as to why attorney immunity should not apply to Barrett Daffin in this case. But even if he did, his pleadings would still fail to state a claim against Barrett Daffin, as other than Strickler's unsupported, conclusory allegation Barrett Daffin acted "knowingly" in presenting allegedly false documents in connection with the foreclosure sale, there is no evidence to support his claim. *See L'Amoreaux v. Wells Fargo Bank, N.A.*, 755 F.3d 748, 751 (5th Cir. 2014) (affirming dismissal of § 12.002 claim where plaintiff provided no evidence Barrett Daffin acted "knowingly" other than bald assertion).

Finally, with respect to Alexander, nothing in Strickler's pleadings suggests he is suing Alexander in anything other than her capacity as substitute trustee, and under Texas law, a substitute trustee has a right to mandatory dismissal from suit upon a finding she is not a necessary party. *See*

TEX. PROP. CODE § 51.007(d); *see also* Def. Alexander's First Am. Answer & Verified Denial [#8], at ¶¶ 1–3 (averring Alexander's only connection to the proceeding is in her capacity as Substitute Trustee). Additionally, "[a] trustee shall not be liable for any good faith error resulting from reliance on any information in law or fact provided by the mortgagor or mortgagee or their respective attorney, agent, or representative or other third party." TEX. PROP. CODE § 51.007(f). Nothing in the pleadings suggests Alexander would not be entitled to that protection.

As Strickler's claims against Hometrust, Barrett Daffin, and Alexander are premised either upon demonstrably inaccurate claims or baseless legal arguments, there is no reasonable basis for this Court to predict Strickler might prevail against them, and all three were improperly joined for purposes of defeating diversity jurisdiction. Strickler and properly joined defendant JPMC are completely diverse, and as Plaintiff seeks "declarative and monetary relief of over $200,000[,]" the amount-in-controversy requirement is satisfied. This Court may therefore properly assert diversity jurisdiction over this action. *See* 28 U.S.C. § 1332.

**B.    Merits**

As previously explained, there is no plausible basis for Strickler to recover against Barrett Daffin or against Alexander, and the Court therefore dismisses all Strickler's claims concerning those parties. Consequently (and, notably, as with Strickler's first action concerning this property), Strickler's claims against JPMC are all that remain. The Court need not address them claim by claim, as all are grounded in three meritless allegations: first, that JPMC is not in fact a successor by merger to Chase Manhattan Mortgage Company and thus had no authority to foreclose on the property; second, that Barrett Daffin stamped Alexander's signature onto the notice of foreclosure sale without Alexander's knowledge, rendering the document a forgery and invalidating the sale; and

third, that JPMC did not arrange a face-to-face meeting with Strickler prior to conducting the foreclosure sale as required by HUD regulation 24 C.F.R. § 203.604(b).

First, as previously explained, it is quite clear JPMC is the successor-by-merger to Chase Manhattan Mortgage Company. *See* Appx. Def.'s Mot. Dismiss [#4-1], Ex. D (Certificate of Merger between Chase Manhattan Mortgage Company and Chase Home Finance LLC); *id.* at Ex. E (Certificate of Merger between Chase Home Finance LLC and JPMC).[2] Strickler's argument to the contrary is frivolous and need not be further explored. As successor-by-merger to Chase Manhattan Mortgage Company, JPMC is the assignee of Chase Manhattan Mortgage Company's interest in the Deed of Trust securing Strickler's loan, had the right to enforce the Deed of Trust through foreclosure, and certainly committed no fraud by doing so. *See, e.g.*, *Svoboda v. Bank of Am., N.A.*, 964 F. Supp. 2d 659, 667 (W.D. Tex. 2013) (explaining bank acquired assignment of interest under Deed of Trust when it became successor-by-merger to previous assignee). Strickler's quiet title claim and claim for violation of the Texas fraudulent presentment statute must therefore be dismissed, as both are based upon the erroneous claim JPMC lacked the right to foreclose. *See* TEX. CIV. PRAC. & REM. CODE § 12.002(a) (precluding persons from making a document with knowledge it is a "fraudulent lien or claim against real or personal property").[3]

---

[2] The Court may consider the Certificates of Merger in its analysis, as the Certificates are integral to and relied upon in Strickler's complaint. *See* Pl.'s First Am. Original Pet. [#9], at ¶¶ 13–14 (deriding "purported evidence" of both mergers presented by JPMC); *see also Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 820 (5th Cir. 2012) (noting court may consider documents attached to a motion to dismiss if they are integral to plaintiff's complaint).

[3] The Court further notes the plain language and the legislative history of § 12.002 indicate the Texas legislature did not intend it to cover situations in which a party or its agent seeks to enforce its rights under a valid deed of trust. *See, e.g.*, *Marsh v. JP Morgan Chase Bank, N.A.*, 888 F. Supp. 2d 805, 813 (W.D. Tex. 2012) (citing Senate Jurisprudence Committee, Bill Analysis, Tex. H.B. 1185, 75th Leg., R.S. (1997)) ("The plain and common meaning of the statute's words do not suggest the Texas legislature intended to include mortgage assignments within the purview of Chapter 12.").

Second, the validity of Alexander's signature on the notice of foreclosure sale is irrelevant, as there is no requirement the notice be signed by the trustee or by anyone else. The Texas Property Code requires the notice (1) include a statement of the earliest time at which the sale will begin; (2) be given at least 21 days before the date of sale; and (3) be i) posted at the county courthouse, ii) filed with the county clerk, and iii) served on each debtor obligated on the debt via certified mail. *See* TEX. PROP. CODE § 51.002(b). Strickler cites no legal authority for the proposition an invalid signature on a notice of sale invalidates the notice or the sale, and the Deed of Trust provision to which he points does not require the notice of sale be signed. *See* Deed of Trust [#1-1], at 25, § 17. Further, Strickler does not claim the trustee did not in fact consent to the sale. The Court therefore finds Strickler has alleged no irregularity with the notice of sale giving rise to a right to declaratory or other relief.

Finally, even if it is true JPMC did not contact Strickler to arrange a face-to-face meeting prior to initiating foreclosure, that alleged failure could not form the basis of a breach of contract claim, as Strickler is himself in breach of the parties' contract by virtue of his admitted default. "'It is a well-established rule that a party to a contract who is himself in default cannot maintain a suit for its breach.'" *Von Scheele v. Wells Fargo Bank, N.A.*, No. SA-12-CV-00690-DAE, 2013 WL 5346710, at *5 (W.D. Tex. Sep. 23, 2013) (quoting *Dobbins v. Redden*, 785 S.W.2d 377, 378 (Tex. 1990)) (holding mortgagor's breach of contract claim failed as a matter of law because he remained in default on his mortgage loan). Thus, Strickler's breach of contract claim fails as a matter of law.

### Conclusion

Strickler's allegations fail to state any cognizable claim for relief.

Accordingly,

IT IS ORDERED that Defendant JP Morgan Chase Bank, N.A.'s Motion to Dismiss Complaint for Failure to State a Claim [#4] is GRANTED;

IT IS FURTHER ORDERED that Defendant Barrett Daffin Frappier Turner & Engel, LLP's Motion to Dismiss [#6] is GRANTED; and

IT IS FINALLY ORDERED that Plaintiff Perry Strickler's claims against all Defendants are DISMISSED WITHOUT PREJUDICE.

SIGNED this the _22_ day of October 2014.


_____
SAM SPARKS
UNITED STATES DISTRICT JUDGE